THE MUTUAL BENEFIT LIFE INSURANCE COMPANY

*v.*

COE H. HOWELL and others, administrators &c.

On February 24th, 1876, an intestate assumed, in a deed to him of certain lands, to pay a mortgage thereon, and, also, gave complainants his bond, conditioned to pay the mortgage debt in one year thereafter. He died in March, 1878, and complainants' foreclosure bill was filed in November, 1878. On April 6th, 1878, his administrator took the usual order limiting the time for presenting claims against the estate to nine months thereafter. The complainants never filed any claim thereunder.—*Held*, that the administrators were not liable to a decree for deficiency on their intestate's assumption.

---

Bill to foreclose. On final hearing on bill and answer.

*Mr. F. K. Howell*, for complainant.

*Mr. A. W. Bell*, for Smith's administrators.

THE CHANCELLOR.

The question presented for decision is, whether the complainant is entitled to a decree for deficiency against the administrators of the estate of John S. Smith, deceased. The liability of the estate to a decree for deficiency is based on an assumption, by the intestate, of the complainant's mortgage, in a deed from the mortgagor to him for the mortgaged premises, and a bond given to the complainant

by the intestate, with condition to pay to the complainant the mortgage debt in one year from the date of the bond, February 24th, 1876, with interest. The intestate died in March, 1878, and the bill was filed in November of that bear. The intestate, at the time of his death, lived in Morris county. The administrators took an order, April 6th, 1878, to limit creditors in nine months from that date. The nine months expired in January, 1879.

The complainant has never presented any claim against the estate, unless the filing of the bill for foreclosure, praying a decree for deficiency, may be so considered.

By their answer, the defendants claim that they have complied with the requisites of the statute as to publication of the order, and that the complainant, not having presented its claim, according to law, within the time limited by the order, is barred of all action against them therefor. The complainant might have presented its claim under the order to limit creditors. It had the intestate's bond, a legal liability for the payment of the debt, in addition to the equitable claim arising upon the assumption. The filing of the bill cannot be regarded as equivalent to doing so.

The statute provides that when an order to bring in debts and claims against the estate of any decedent shall be made, all claims and demands of the creditors of the deceased shall be presented in writing, specifying the amount claimed and the particulars of the claim, and shall be verified under oath, or the bringing in of the same shall be of no effect. (*Rev. p. 764.*) It also provides that any creditor who shall have neglected to bring in his debt, demand or claim within the time limited, shall, by the final decree to be made after the expiration of the limited period, be forever barred of his action against the executor or administrator, unless, after the final settlement of the account of the executor or administrator, such creditor shall find some other estate not accounted for; in which case he shall be entitled to have his debt, demand or claim paid thereout, or to a

ratable proportion thereof in case other creditors shall be barred of their debts, demands or claims. *Ibid.*

Not having complied with the provisions of the law, the complainant is absolutely barred of its action against the administrators. *Ryan* v. *Flanagan's adm'x, 9 Vr. 161.*

Where an executor or administrator is sued in a foreclosure suit for deficiency, unless it appears to be clear that a decree should be made against him, requiring him to pay the deficiency as soon as it shall have been ascertained, and consequently that no rights of other creditors will be prejudiced by such decree and the execution thereof, there will be no decree against him. The decree, if made at all, unless where the executor or administrator is liable at law or in equity to the payment of the deficiency, will be for the payment of the deficiency only in a due course of administration. The statute (*Rev. p. 119*) authorizes this court to make a decree for deficiency against any party to the suit who is liable at law or in equity for the payment thereof, and unless the executor or administrator is liable at law or in equity to pay the deficiency, there will be no decree. *Leonard* v. *Morris, 9 Paige 89 ; Jones on Mort.* § *1717.*

Of course, where it appears that the action against the executor or administrator is barred, no decree will be made against him. *Rhodes* v. *Evans, Clarke 169.*

There will be none in this case.