## THEODORE R. ROBINS et al.

*v.*

## RIALTO O. ARNOLD, administrator &c.

Filing an unverified bill in chancery for discovery of trust funds in the hands of an executrix, and to follow such funds into certain lands claimed to have been bought by her testator with such funds, is not such a presentation of the claim, under an order of limitation made by the orphans' court, as entitles complainants to participate with the creditors who have duly presented their claims in the division of the assets of the estate, which is insolvent, although the bill was filed before the expiration of the time limited by the order; and the defendant's answer, which was not filed until after the expiration of the time so limited, admitted the liability of the estate for part of the claim.

Bill for relief.   On final hearing upon bill and answer.

*Mr. C. T. Cowenhoven,* for complainants.

*Messrs. Collins & Corbin,* for defendant.

THE CHANCELLOR.

The object of this suit is to establish a claim (for trust funds) of the complainants against the insolvent estate of Wright Robins, deceased, the trustee, in order that the complainants may receive a dividend thereon with the other creditors, who duly presented their claims in the usual and prescribed way within the time limited by an order to limit creditors made by the orphans court of Middlesex county.   The complainants claim that they duly presented their claim by the filing by them of a bill in this court against the executrix within such limited period. The bill was filed for a discovery of the trust funds and to follow them into certain lands mentioned in the bill.   The bill stated that there was due to the complainants in this suit, Theodore R. Robins and Margaret R. Robins, out of what was called the Maria Robins fund, about the sum of $17,720, and

that there was due to them also their shares of what was called the Caroline McClure fund. It was not verified by any oath. The executrix did not answer. On August 6th, 1884, the bill was dismissed as to the Maria Robins fund, and as to the other it was dismissed at the final hearing. *Cuming* v. *Robins, 12 Stew. Eq. 46*. On the 4th of September, 1884, the administrator *de bonis non cum testamento annexo* answered. The executrix was discharged and he was appointed in May, 1883. He admitted the liability of the estate for the Maria Robins trust money to the amount of $17,750, besides interest. The order to limit was made April 8th, 1882, and the nine months limited therein expired in January, 1883. An order barring creditors who had not proved their claims was made on the 15th of that month. The bill was filed in December, 1882.

After the dismissal of that bill the complainants brought suit in this court, in 1884, to establish their claim, by virtue of their interest in the Maria Robins fund, to certain land which they alleged the testator had purchased with money of that fund belonging to them. An answer was filed by the administrator. The suit resulted in a decree that some of the lands mentioned in the bill, of which the testator died seized, had been purchased with the money of that fund, and that it therefore belonged to the complainants, and that a certain sum of money of that fund should be charged on other land of the testator. *Arnold* v. *Robins, 13 Stew. Eq. 723*.

The complainants did not present their claim as they might have done in the form contemplated by the statute. The statute provides that claims "shall be presented in writing, specifying the amount claimed and the particulars of the claim, and shall be verified under oath, or the bringing in of the same shall be of no effect." *Rev. p. 37 § 3.* On the 12th of April, 1882, the executrix represented to the orphans court that the estate was insolvent, and on the 3d day of April, 1883, after having given due notice, she filed a report of the claims presented and an account of the personal estate and an inventory of the real estate. The complainants' claim was not included in the report. No exceptions were filed to the account, and on the 22d of May following, the

orphans court decreed that the estate was insolvent. On the 28th of the same month the executrix was discharged (as before stated) upon her own application, and the defendant was appointed administrator with the will annexed. She accounted and her account was allowed, and she paid over the balance to the administrator. On the 28th of July, 1885, the latter applied to the orphans court for an order for the sale of lands to pay debts. In his application for the order he stated the claims against the estate just as they were stated by the executrix in her report before referred to, and stated that the appeal was pending from the decree of this court in the before-mentioned suit begun in 1884, and asked for an order for the sale of all of the real estate except the land in question in that suit. In no report to the orphans court was any mention made of the complainants' claim. The creditors and all other persons interested would have had the right to file exceptions to the claim if it had appeared in the report by the executrix. And the complainants, if they had the right to have it there, might have excepted because it was not there. The executrix did not answer the bill in *Cuming* v. *Robins,* and the answer of the administrator was filed long after the expiration of the period fixed in the order to limit. There was therefore neither verification nor admission of the claim in question within that period. In *Mutual Benefit Life Insurance Co.* v. *Howell, 5 Stew. Eq. 146,* it was held that the filing of a bill for foreclosure in this court, claiming decree for deficiency, was not a presentation of a claim for the deficiency within the meaning of the statute. See, also, *Lewis* v. *Champion, 13 Stew. Eq. 59.*

The bill will be dismissed, but without costs.