LUELLA A. PRIMMER AND FRANKLIN A. PRIMMER, HER HUSBAND, PLAINTIFFS, v. JULIA A. BALDWIN, CHARLES BALDWIN AND FRANK BALDWIN, DEFENDANTS.

Argued March 1, 1923—Decided March 15, 1923.

**Negligence—Motor Vehicles—Injury to Passenger—Liability Extends to Next of Kin—Executors' Act.**

On motion to strike out complaint.

For the motion, *W. Holt Apgar.*

*Contra, Kenneth H. Lanning.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiffs in this action are Luella A. Primmer and Franklin A. Primmer, her husband. Count 1 of the complaint alleges, among other things, that on January 15th, 1921, plaintiffs, at the request of Henry W. Baldwin, were riding as passengers in an automobile driven by him; that the automobile was so negligently operated by Baldwin that it collided with another automobile, injuring the plaintiff Luella A. Primmer. She claims damages on this count. Count 2 repeats the same allegations and adds, among other things, that by reason thereof the plaintiff Franklin A. Primmer was obliged to pay out money to have his wife cured of such injuries, and has been deprived of the services and society of, and consort with, his wife. He claims damages on this count.

Clearly, these allegations would be sufficient to support an action against Henry W. Baldwin if he were alive and named as defendant. The complaint alleges, however, that he is dead. At common law the action would abate by reason of such death. But the Executors' act of 1855 (*Comp. Stat., p.* 2260, ¶ 5) modifies the common law. It provides:

"That where any testator or intestate shall in his or her lifetime * * * have committed any trespass to the person or property, real or personal, of any person or persons, such person or persons, his or her executors or administrators, *shall have and maintain the same action against the executors or administrators of such testator or intestate as he, she or they might have had or maintained against such testator or intestate, and shall have the like remedy and process for the damages recovered in such actions as are now had and allowed in other actions against executors or administrators.*"

By reason of this statute, the right of action against any person who has committed a trespass survives against such person's executors or administrators. It has been held that the word "trespass," as there used, means "tort," and that the statute is remedial and should be liberally construed. *Hackensack Trust Co.* v. *Vanden Berg,* 88 *N. J. L.* 518. In that case the action was brought by the administrator of a person alleged to have been killed by wrongful act against the administratrix of the deceased tort-feasor. The Supreme Court held that under the Death act of 1848 the right of action survived in favor of the personal representative of the person whose death was caused by wrongful act, and that, under the Executors' act of 1855, it survived against the personal representative of the deceased tort-feasor. See, also, *Ten Eyck* v. *Runk,* 31 *Id.* 428; *Tichenor* v. *Hayes,* 41 *Id.* 193; *Dodd* v. *Wilkinson,* 41 *N. J. Eq.* 566.

This action is not for death but only for personal injuries. The Death act is therefore not involved. But, by virtue of the Executors' act, the plaintiff's right of action survives against Baldwin's personal representative and an action might have been had against such personal representative.

The defendants named in this action, however, are not Baldwin's personal representative, but instead his heirs and next of kin. Out of this fact arise the issues raised by the motion. The reasons assigned in the notice of the motion (while by implication conceding that the action might survive against the personal representative) make objection that it

does not survive against the heirs and next of kin of the deceased tort-feasor, and this is the only question argued.

I am of the opinion that this objection is not well founded because. the executors' statute above quoted causes the right of action to survive against the estate of the deceased tort-feasor, and that being so, it follows as a necessary consequence that his estate may be followed, as in the case of ordinary debts, not only into the hands of his personal representative, but, after distribution, into the hands of his distributees or next of kin.

In *Hackensack Trust Co.* v. *Van Den Berg*, 92 *N. J. L.* 412, the Court of Errors and Appeals expressly held that a plaintiff in a "suit based on an unliquidated demand in tort" is a creditor within the meaning of the provisions of the Orphans Court act relating to decrees barring creditors. *Comp. Stat.*, *p.* 3833. The court said (at *p.* 413) : "* * * we conclude that the word 'creditor' is not used in the restricted sense of one to whom a debt is due, but includes a party entitled to prosecute a suit upon a tort * * *."

In *McCartin* v. *Traphagen*, 43 *N. J. Eq.* 323, this very question was under consideration. The bill alleged misconduct by a deceased executor. Among those named as defendants were the personal representative of the deceased executor and also his heirs-at-law. It was objected that the heirs-at-law were not proper parties. The court overruled the objection, saying (at *pp.* 325, 326) : "And it is also well settled that an action may be maintained against the legal representative of a decedent, whether he died testate or intestate, to recover damages arising from a violation of the decedent's legal duty, or a breach of trust. * * * And it would seem to follow, as a necessary deduction from the right of action thus established, that *any claim which may be made the basis of a recovery against the legal representative of a decedent will also be sufficient, as a ground of action, to support a recovery against his heir-at-law.*"

So, in this case, the plaintiffs, since they had a right of action against Baldwin which, by reason of the statute, sur-

vives against his estate, are entitled to enforce their claim against his estate either in the hands of the personal representative or the distributees. The allegations of the complaint upon the basis of which it is sought to charge the distributees are as follows: "8. On January 15th, 1921, said Henry W. Baldwin died intestate, leaving as his only heirs and next of kin * * *, the persons who are the defendants in this action." "9. * * * Charles Baldwin was duly appointed administrator * * *." "10. Said * * * administrator * * * filed * * * an inventory * * * by which it appeared that personal property of said Henry W. Baldwin, deceased, to the amount of $25,549.75 had come into his possession as such administrator." "11. Personal property of said Henry W. Baldwin, deceased, to the value of $25,549.75 * * * came into the possession of said administrator." "12. Other personal property of said Henry W. Baldwin, deceased, not disclosed in said inventory, came into the possession of said adminstrator." "13. Said administrator did not pay said plaintiff's damages * * *." "14. Said administrator has distributed the assets of the estate of said Henry W. Baldwin which came into his possession as such administrator, to the next of kin in the manner prescribed by law, to wit," one-third thereof to each of the three persons named as defendants in this action. "15. None of said defendants have executed refunding bonds to said administrator." That is to say, it appears by the allegations of the complaint that the plaintiffs are creditors of the estate of Henry W. Baldwin; that their claims have not been paid and that the assets of the estate, to the extent of $25,549.75 and more, have been distributed to the three persons named as defendants in equal shares. The complaint then alleges the liability of the defendants severally for their one-third ratable parts of plaintiffs' damages.

Such liability is well recognized even when, as in this case, no refunding bonds have been given. In McCartin v. Traphagen, already cited, it was said: "The proofs show that $10,-000 of his personal estate has been distributed to each of his

children, and that a comparatively small amount remains in the hands of his administrator. Personal estate is the primary fund out of which the debts and liabilities of a decedent must be discharged. The rule is settled that a legatee who has received his legacy is always bound, at the instance of creditors, to refund his legacy, if there is a deficiency of assets to pay debts, whether the deficiency arises from an original want of assets or the waste of the executor. This liability flows from the superior right of creditors and does not at all rest upon contract. *The legatee is liable whether he has given a refunding bond or not.* It is an obvious rule of justice that neither a legatee nor one of the next of kin shall be entitled to anything until the obligations and liabilities of the person through whom they derive their rights have been paid."

Since the objection to the complaint is not well founded, the motion to strike it out will be denied.