42 N.J. Super. 423 (1956)
126 A.2d 667
ELLSWORTH R. FORWOOD, PLAINTIFF,
v.
ESTATE OF DAVID W. GREEN, DEFENDANT.
Superior Court of New Jersey, Salem County Court.
Decided November 9, 1956.
Mr. George S. Friedman, attorney for the plaintiff.
Mr. William R. Smith, attorney for the defendant.
CAFIERO, A.J.S.C.
This matter is before the court on motion to dismiss the complaint.
*424 Defendant contends that the claim, which plaintiff alleges arose by virtue of his injury resulting from decedent's negligence, was not presented in writing under oath, pursuant to N.J.S. 3A:24-3 et seq., before rule to bar was entered; therefore, this cause of action cannot be maintained against these defendants.
Plaintiff states that while the claim was not filed in compliance with the aforesaid statute, the executors had notice of his claim by the service of the summons and complaint; and, through the information contained in the answers to the interrogatories. He also alleges that the failure to properly file a claim does not, in itself, bar an action against an executor; and finally, that defendant has not specifically pleaded the statute as a defense, and is therefore barred from doing so on motion. Not so; this is clearly set forth in defendant's answer, as the sixth separate defense. Now to the motion.
In the case of Mutual Ben. Life Insurance Company v. Howell, 32 N.J. Eq. 146 (Ch. 1880), by which plaintiffs sought a decree for deficiency against the administrators of the estate of John Smith, deceased, the Chancellor stated:
"The complainant has never presented any claim against the estate, unless the filing of the bill for foreclosure, praying a decree for deficiency, may be so considered. * * * The filing of the bill cannot be regarded as equivalent to doing so. The statute provides that when an order to bring in debts and claims against the estate of any decedent shall be made, all claims and demands of the creditors of the deceased shall be presented in writing, specifying the amount claimed and the particulars of the claim, and shall be verified under oath, or the bringing in of the same shall be of no effect. (Rev. p. 764). It also provides that any creditor who shall have neglected to bring in his debt, demand or claim within the time limited, shall, by the final decree to be made after the expiration of the limited period, be forever barred of his action against the executor or administrator, unless, after the final settlement of the account of the executor or administrator, such creditor shall find some other estate not accounted for; in which case he shall be entitled to have his debt, demand or claim paid thereout, or to a ratable proportion thereof in case other creditors shall be barred of their debts, demands or claims.
Not having complied with the provisions of the law, the complainant is absolutely barred of its action against the administrators." *425 See also Robins v. Arnold, 42 N.J. Eq. 511 (1887) wherein the complainants claimed that they duly presented their claim by the filing by them of a bill against the executrix within the limited period, and the court held that they did not present their claim as they might have done in the form contemplated by the statute, and the bill was dismissed. And in Newbold v. Fenimore, 53 N.J.L. 307 (Sup. Ct. 1891), the court said:
"The commencement of this action, and even the filing of this declaration, was not a claim in writing, verified by oath and presented to the executors, and so it comes within the bar of the decree as a claim not `brought in.' Nor do I find anything in the spirit and intent of these sections to justify a broader construction, if such construction were possible. Such enactments have not the same purpose as general statutes of limitation, but are rather designed to facilitate a speedy distribution of the estate of a deceased among his vigilant creditors, and the protection of the personal representative in making such distribution. * * * The presentation of claims of creditors within the limited time is moreover important to enable the personal representative to determine whether the estate is to be settled as a solvent or insolvent estate, or whether the real estate must be resorted to for payment of debts. Upon the construction contended for, such determinations could not be made until after final judgment in every suit brought during the time limited in the rule to bar creditors."
Plaintiff's cause of action, however, arises by an alleged claim of negligence by defendant's testator, and following his death, this suit was brought against the executor of his estate.
A claim against decedent's estate, based on tort of the decedent, comes within the purview of N.J.S.A. 3A:24-3 et seq.
In Hackensack Trust Co. v. Van Den Berg, 92 N.J.L. 412, 105 A. 719 (Ct. E. & A. 1918), the plaintiff brought suit when its intestate was killed in an accident at a railroad crossing, while being driven by defendant's intestate in an automobile. A directed verdict was granted for the defendant and the plaintiff appealed. The directed verdict was made upon the ground that such claim had not been presented in writing under oath pursuant to an order limiting creditors. Plaintiff appealed on the ground that the suit *426 was based upon an unliquidated demand in tort, and thus was not within the class of claims contemplated by the act. The court held:
"In examining the statute regard must be had to its purpose and object, and, of course, the whole act must be considered. The object of the procedure laid down * * * is, in the language of our cases, to secure the speedy settlement of decedents' estates, and to enable the personal representative to determine whether the estate is to be settled as a solvent or insolvent estate, and whether real estate must be resorted to for payment of debts.
It is obvious that an executor may be obliged to wait for the statute of limitation to operate before settling the estate, or to resort to tedious and expensive chancery litigation, if a tort claim is exempt from an `order to limit creditors.' So in this respect the object of the act would be defeated, if it is not applicable to a claim in tort. When we turn to the statute itself, we find it contains ample indicia of an intent to include all claims enforceable by suit terminating in a money judgment. * * *
In view of this language and of the settled intent and purpose of the statute, we conclude that the word `creditor' is not used in the restricted sense of one to whom a debt is due, but includes a party entitled to prosecute a suit upon a tort of the deceased."
In Caiola v. Hammer, 14 N.J. Misc. 576, 186 A. 434 (Cir. Ct. 1936), there was a motion by defendants to strike the complaint upon the ground that it fails to set forth a cause of action. The complaint alleged plaintiff was injured as a result of an accident arising out of and in the course of his employment. The court determined that a cause of action for injuries caused by negligence was a claim. The act requiring creditors and others having "claims" or demands to exhibit the same to executor or administrator, upon a rule to limit creditors and others, includes a person having a cause of action either in tort, or contract. "The ratio decidendi is that the word `claim' includes claims enforceable by suit terminating in a money judgment. This reasoning was followed by Mr. Justice Trenchard in Primmer v. Baldwin, 1 N.J. Misc. 95 (Supreme Court 1923), in a suit for damages against the person representatives of a deceased tort-feasor whose estate had already been distributed."
Defendant's motion for dismissal is granted. The action is dismissed. Submit order.