IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1909.

---

WALTER L. CHAMBERS, BY NEXT FRIEND, v. PHILADEL-
PHIA PICKLING COMPANY.

Submitted July 2, 1909—Decided January 17, 1910.

Section 28 of the Practice act provides that any person for whose
benefit a contract is made may maintain an action thereon, not-
withstanding that the consideration of such contract did not move
from him. *Held*, that a contract made between A and B, by the
terms of which B agrees to pay a debt which A owes to C, is a
contract made for the benefit of C within the meaning of this
statutory provision.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and PARKER.

For the plaintiff, *John W. Wescott.*

For the demurrant, *Wilson, Carr & Stackhouse.*

2    NEW JERSEY SUPREME COURT.

Chambers v. Phila. Pickling Co.    79 N. J. L.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action upon contract. The declaration avers that the plaintiff, while in the employ of Sally Whittenberg, received injuries for which she was responsible as his employer; that he brought suit against her in the Supreme Court of this state, and recovered a judgment for $4,000; that afterwards Sally Whittenberg sold out her interest in the factory where the plaintiff had been employed, and where he was injured, to the defendant company; and that as a part of the consideration for the purchase the latter agreed in writing under seal to pay "any claim now existing, or hereafter to be made by Chambers (the plaintiff), suit for which has already been brought in the State of New Jersey." The declaration is rested on this promise, and alleges that it has never been performed, and that the defendant company refuses to pay the plaintiff's claim. The defendant demurs, and states eleven grounds therefor. They all rest upon the theory that the defendant company was under no obligation to the plaintiff to pay his claim, by reason of its contract—*first*, because the plaintiff has not released Sally Whittenberg; *second*, because he has not accepted the agreement between the defendant and Sally Whittenberg; *third*, because there was no privity of contract between the plaintiff and defendant, and no breach of contract between them; and, lastly, because there was no novation.

The demurrer is not well founded. Section 28 of the present Practice act (*Pamph. L.* 1903, *p.* 541) provides that "any person for whose benefit a contract is made, whether such contract be under seal or not, may maintain an action thereon * * * notwithstanding that the consideration of such contract did not move from him." Under this statutory provision the sole test of the plaintiff's right to maintain this action is whether or not the contract set out in the declaration was made for his benefit. That it was so made is, we think, beyond question. A contract made between A and B, by the terms of which B agrees to pay a debt which A owes to C, is a contract made for the benefit of C. *Barker* v. *Bucklin*, 2 *Den.* 45; *Cabot* v. *Haskins*, 3 *Pick.* 83; *Joslin* v. *New Jersey*

*Car Spring Co.,* 7 *Vroom* 141; *Vreeland* v. *Van Blarcom,* 8 *Stew. Eq.* 530. The contract counted upon in this declaration is of the character referred to.

The plaintiff is entitled to judgment on the demurrer.