WALTER CHAMBERS, DEFENDANT IN ERROR, v. PHILADELPHIA PICKLING COMPANY, PLAINTIFF IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

In a suit upon a covenant, by the party for whose benefit it was made, whereby the defendant promised the covenantee "to pay any and all claims for damages * * * arising from the operation of the business" of the covenantee, "including any claim now existing or hereafter to be made" by the plaintiff, "suit for which has already been brought in the State of New Jersey," it appeared that the suit so brought was against the business name only of the covenantee, and that, in that name, a plea had been filed, verified by the covenantee's husband, as the defendant's agent, and who, there was evidence to show, had sometimes taken part in the conduct of such business; that the aforesaid suit came to trial, at which the said husband of the covenantee, together with her son, were sworn as witnesses for the defendant, and a verdict was rendered against her. *Held,* that whether the covenantee had authorized the appearance and defence to such suit were jury questions, and if she had, that the judgment so rendered was conclusive in the suit against the covenantor for the amount of it.

On error to the Supreme Court.

544    COURT OF ERRORS AND APPEALS.

Chambers v. Phila. Pickling Co.    *83 N. J. L.*

For the plaintiff in error, *Wilson & Carr.*

For the defendant in error, *Wescott & Wescott.*

The opinion of the court was delivered by

VOORHEES, J.  In 1908, one Sally Whittenberg, individually, conducted a business for which she adopted the name of Philadelphia Pickling Company, and while so carrying on the business, the plaintiff, an employe, sustained personal injuries.

In April, 1908, he brought suit against the Philadelphia Pickling Company *eo nomine,* wherein the summons was returned "Service made on the Philadelphia Pickling Company through their agent, Walter Henry."

A plea of general issue in behalf of the Philadelphia Pickling Company was filed, verified on the eighteenth day of April, 1908, by Louis Whittenberg, in which he deposed that he was manager and for that purpose, agent of the defendant company.

This case came on for trial, witnesses on each side were sworn and being submitted to the jury, judgment upon their verdict was entered January 5th, 1909, in favor of the plaintiff, Walter Chambers, for $4,000.  On November 7th, 1908, the Philadelphia Pickling Company, the defendant in the case *sub judice,* was incorporated by certificate filed in Pennsylvania, and on the same day, Mrs. Sally Whittenberg, whom it appears was the wife of Louis Whittenberg, made a transfer to the corporation in consideration of $50,000, which recited that she was the owner of the stock, good will and fixtures of the business now carried on by her in Philadelphia, under the name of the Philadelphia Pickling Company, and had agreed to sell all the stock, good will and fixtures of the said business, including all the factories in New Jersey, or elsewhere, and had assigned, transferred and set over to the Philadelphia Pickling Company, the incorporated company, all the stock, good will, fixtures, book accounts due or to become due as set forth in a schedule annexed thereto, of the business carried on by her under the name of the Philadelphia Pickling Company, &c.

This instrument contained a covenant that "the company further agrees to pay any and all debts due by the said Sally Whittenberg, trading as Philadelphia Pickling Company, as shown by the books of the company on the first day of November, 1908, * * * together with any and all claims for damages or otherwise, arising from the operation of the business by the said Sally Whittenberg, including any claim now existing or hereafter to be made by Walter Chambers, suit for which has already been brought in the State of New Jersey." This transfer was executed by Sally Whittenberg personally under her seal and also by the "Philadelphia Pickling Co., S. Whittenburg, President," under its corporate seal.

The present suit is brought against the corporation. The declaration contains a special count which sets up the agreement, to which the common counts are added, and for a bill of particulars there is attached and referred to a copy of the foregoing agreement and a statement of the judgment rendered January 5th, 1909.

The plea, at that time, was the general issue, filed only to the common counts, but by stipulation at the trial it was agreed that the defendant might show "that Sally Whittenburg was never served with process in the cause, that she never filed an appearance, and that she was never subject to the jurisdiction of the court in the case of Walter Chambers against the Philadelphia Pickling Company," referring to the case in which the judgment had been entered for $4,000.

The entire record of that case was then offered in evidence, together with the agreement above mentioned. There was also testimony given showing that witnesses had been sworn on each side at the trial. The defendant then offered the return endorsed upon the summons in the former suit, the plea, its verification and an exemplified copy of the certificate of incorporation of the Philadelphia Pickling Company, dated November 7th, 1908. Thereupon a motion to direct a verdict for the defendant was made, on the ground that proper service of the process in the former case had not been shown, nor that the defendant, Sally Whittenberg, appeared thereto, nor that

Louis Whittenberg, her husband, who swore to the plea, had authority to do so in her behalf.

The court then allowed the case to be opened for the purpose of showing the relations existing between Sally Whittenberg and Louis. It was proved by this supplementary evidence, that Louis Whittenberg and Sally were husband and wife; that Louis took charge of the plant at times, and that he and their son were present and sworn as witnesses at the first trial, but it did not appear that Sally had knowledge of the former suit, while it was pending, save as that fact was shown by the instrument of transfer heretofore referred to.

The motion to direct a verdict for the defendant was then renewed, but refused. The court charged that "if she was sued, or if she defended the suit or authorized it to be defended, your verdict will be for amount I have named. If she was not sued, if she did not defend the suit, your verdict will be for the defendant," and further instructed the jury "if you find she did not know anything about it (the suit); was altogether ignorant of it, you will find for the defendant. But if you find she did know and sent her husband here to defend it, or if she had the summons served on her and did not defend it, then this defendant is bound to pay this judgment as is agreed."

This case came before the Supreme Court on a demurrer to the declaration (*Chambers* v. *Philadelphia Pickling Co.,* 50 *Vroom* 1), and it was held good to support an action to enforce the covenant of the defendant to pay to the plaintiff his claim for damages against Sally Whittenberg. With this conclusion we agree.

The question involved in this suit is a broader one. It is not the validity of the promise to pay the claim, but is the recovery of the judgment rendered upon the claim binding upon the defendant corporation, in view of the circumstances surrounding its recovery? In other words, have the damages in the first suit been assessed by the jury and merged into a judgment so as to conclude the assignor and the defendant corporation?

The proofs demonstrated that Sally Whittenberg assigned

all the assets of her personal business and in consideration received the total capital stock of the corporation of which she at once became president, that is to say, she obtained $45,000, in the stock of the company and $5,000 in cash. It also appears that all the shares of the company were in her name, except two, and one of them was in her husband's name.

The defendant's promise is to pay any and all claims for damages or otherwise arising from the operation of her business, including the Chambers' claim. It was her personal debt which the promise referred to. She stated in the instrument which was accepted by the defendant company that a suit was pending for the recovery of it in New Jersey. *Prima facie* this meant a suit which had been legally brought, and duly instituted against her, for her personal obligation which it concerned.

The instrument of transfer which contains the statement and covenant was executed two months before the recovery of the judgment in the first suit, and more than six months after her husband had verified the plea in that action.

If either the assignor, or the defendant corporation, defended or permitted the defense, the recovery became as between the plaintiff and them conclusive, for the appearance at the trial and participating in it without objection will be a waiver of improper service of process. Whether the appearance was with the knowledge and consent of Mrs. Whittenberg, and whether the trial proceeded with her approbation and authority, were under the circumstances properly left to the jury to decide from the evidence adduced. What would bind her in the premises would become obligatory upon the corporation of which she was the head and substance. She has not denied her knowledge of the first trial, nor has she offered to prove she did not authorize the defence made to it. Her knowledge and acquiescence in the conduct, whether before or after the making of the covenant and the formation of the corporation, would conclude the defendant as to the amount of recovery. There was evidence to sustain the finding of the jury.

The judgment will be affirmed.

SWAYZE, J. (dissenting). My dissent in this case is upon the ground that the covenant of the defendant to pay the debts of Sally Whittenberg and the claim of the plaintiff for damages then in suit was not an agreement for the benefit of the plaintiff upon which he could sue, but an agreement to indemnify Sally Whittenberg in case he recovered a judgment. I am at a loss to understand why Sally Whittenberg should have exacted such a covenant for the benefit of the plaintiff, whose claim she was then contesting.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 12.

*For reversal*—SWAYZE, PARKER, VROOM, JJ. 3.