HACKENSACK TRUST COMPANY, ADMINISTRATOR OF FLORENCE .K. DARTNELL, DECEASED, v. EVA VANDEN BERG, ADMINISTRATRIX OF WYNAND VANDEN ,BERG, AND ERIE RAILROAD COMPANY.

Argued March 18, 1916—Decided April 4, 1916.

Section 2 of the supplement of 1855 to the Abatement act (*Pamph. L., p.* 340), now section 5 of the "Act concerning executors, and the administration of intestates' estates" (*Comp. Stat., p.* 2260, § 5), operated to create a survival of rights of action for tortious personal injury causing death, created by the act of 1848 (*Comp. Stat., p.* 1907), as against the personal representatives of the deceased tort-feasor, provided suit be brought within the statutory period of twelve calendar months (since enlarged to twenty-four calendar months) from the death of the injured party.

On motion to strike out complaint.

Before Justice PARKER.

For the plaintiff, *Frederick S. Taggart.*

For the defendant, Vanden Berg, *Raymond P. Wortendyke.*

The opinion of the court was delivered by

PARKER, J. The question for decision is whether an action of tort may be lawfully begun for the recovery of damages under the Death act of 1848 (*Pamph. L., p.* 151; *Comp. Stat.,*

p. 1907), after the death of the tort-feasor, and against his personal representatives, so long as it is within the statutory period of twenty-four months, as in this case. The complaint shows that plaintiff's intestate was riding as a passenger for hire or an invited guest in an automobile owned and driven by Wynand Vanden Berg, deceased, and that by reason of his sole negligence, or of the joint negligence of himself and the railroad company, the automobile was struck by or collided with a train of the company and plaintiff's intestate was thereby killed and Vanden Berg died shortly after. Whether his death was caused by the train seems immaterial. The administratrix of Vanden Berg's estate was made a defendant and answered, setting up *inter alia* that the action will not lie. This part of the answer is objected to as to form, but counsel evidently wish the main point decided, so we do not stop to consider this objection.

A further objection is made that defendant's motion argued before us, and which amounts to a motion to strike out the complaint as not setting up a cause of action, comes too late after answer. This is without substance, as rule 40 provides that if raised in the answering pleadings the question may on motion be determined by the court before trial. We proceed, therefore, to the fundamental question.

Our act for the recovery of damages for death by wrongful act, copied from Lord Campbell's act, dates in this state from 1848. *Pamph. L., p.* 151; *Comp. Stat., p.* 1907. It provides: "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

The present suit, if Vanden Berg were living, would of course fall within the described class. It may be conceded

that at the time of passing the act of 1848, and until our "Executors' act" (*Comp. Stat., p.* 2260, § 5), first passed in 1855 (*Pamph. L., p.* 340), the remedy provided by the Death act was one against a living person only, and did not survive against the personal representatives of a deceased tort-feasor.

But seven years after the Death act came the act of 1855, which was a long step in the path of remedial legislation. Previously, acts of this class related only to property, as in the English act of 4 *Edw. III., c.* 7, cited in *Cooper* v. *Shore Electric Co.,* 63 *N. J. L.* 560. The later act cited on the same page (25 *Edw. III., c.* 5), extended the right to executors of executors. A similar act was passed in this state in 1795. *Pat. Rev.* 1821, *p.* 174; *Elm. Dig., p.* 164. The act of 1855, however, worked a survival of rights of action for "trespasses to the person or property, real or personal, of any person or persons." The section pertinent to this case is inserted in full:

"That where any testator or intestate shall, in his or her lifetime, have committed any trespass to the person or property, real or personal, of any person or persons, such person or persons, his or her executors or administrators, shall have and maintain the same action against the executors or administrators of such testator or intestate as he, she or they might have had or maintained against such testator or intestate, and shall have the like remedy and process for the damages recovered in such action as are now had and allowed in other actions against executors or administrators."

The word "trespass" was early construed to mean "tort;" and our courts have declared that the act is remedial and should be construed liberally. *Tichenor* v. *Hayes,* 41 *N. J. L.* 193.

In these aspects it is certainly broad enough to include a right of action in favor of executors or administrators for an injury causing death and for which the deceased if living could have sued. It is true that under section 2 of the Death act the recovery is for the benefit of the widow and next of kin, and is confined to the pecuniary injury sustained by them; but this is merely a limitation on the amount recover-

able and a direction as to its ultimate disposition. It will be presumed that the legislature in enacting these broad provisions of the act of 1855, had in mind the act of 1848 and the right of action thereby created, and the equity of providing that such cause of action should not abate or be defeated by the death of the tort-feasor is apparent. We conclude, therefore, that the act of 1855 operated to create a survival of rights of action for personal injury causing death, as against the personal representatives of a deceased tort-feasor, provided suit be brought within the statutory period, which is now twenty-four calendar months after the death of the injured party.

A further point is urged to defeat the present suit, that no claim against the Vanden Berg estate was presented within the time specified in the order limiting creditors. This, however, is made by the pleadings an issue of fact, and as the fact cannot normally be settled until the trial we are not now called upon to deal with the legal aspects of the matter.

The motion to strike out the complaint is denied; the costs to abide the event of the suit.