FRANK VENDOLA, PLAINTIFF-RESPONDENT, v. PUBLIC SERICE RAILWAY TRANSPORTATION COMPANY, DEFENDANT-APPELLANT.

Decided March 1, 1927.

**Negligence—Injury to Passenger of Motor Bus—Defendant Put in No Defense, but Objected to Part of Court's Charge—No Error Found in Instruction.**

On appeal from the Second Judicial District Court of Bergen county.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Joseph Coult.*

For the appellee, *John J. Breslin.*

PER CURIAM.

There was a verdict of a jury and a judgment entered thereon in the court below in favor of the plaintiff against the defendant for the sum of $400.

The plaintiff was a passenger riding in an automobile omnibus being operated by the defendant company's servants along Ridge road, North Arlington, New Jersey, on the night of October 27th, 1925, which omnibus collided with a disabled truck which was being towed by an automobile, and while the truck was standing alongside of the curb and those in charge of it were working on the motor of the truck, the defendant company's bus ran into the rear of it with such force that it knocked the truck, weighing two and a half tons, and with the emergency brake on, twelve feet, and upset the towing automobile. The defendant put in no defense. The trial judge charged the jury: "Your are considering the claim of a passenger in a motor bus of the Public Service Transportation Company, suffered by that passenger while riding upon the bus, on the theory that there was negligence on part of the company, through its agents in the operation of the bus and so of the care of the passengers. The evidence on the subject is uncontradicted, and the court charges you that the plaintiff is entitled to a verdict for such damages as you find from the evidence he has suffered by reason of this accident, so the court will not go further into the accident.

There was an exception taken to the charge as follows: "I will except to that part of the charge wherein the court said the plaintiff was entitled to a verdict for such damages as he suffered by reason of the accident."

It is to be observed that the exception is taken only to that part of the charge which related to the question of damages and not to what the court said on the subject of negligence. No other part of the court's charge was excepted to. It is quite clear that there is no error in the instruction to the jury that the plaintiff was entitled to a verdict for such damages as he suffered by reason of the accident.

It is argued in the appellant's brief that the judge erred in that part of the charge where he said: "You are considering the claim of a passenger in a motor bus of the Public Service Transportation Company, suffered by that passenger while riding upon the bus on the theory that there was negligence on the part of the company through its agents, in the opera-

tion of the bus. The evidence on the subject is uncontradicted and the court charges you that the plaintiff is entitled to a verdict." * * * But to this part of the court's charge no exception was taken and, therefore, the legal proposition involved is not properly before us. But even if the matter were before us for decision, we think, as the case stood, with the facts uncontroverted it fell squarely within the legal rule enunciated in *Doyon* v. *Massoline Motor Car Co.*, 98 *N. J. L.* 540 (at *p.* 543), where our Court of Errors and Appeals said: "No question for a jury arises where the facts are uncontroverted, unless from the facts conflicting inference may be drawn."

Surely, the uncontradicted facts in the present case do not permit conflicting inferences to be drawn, but, on the contrary, unerringly point to negligent conduct on part of the defendant's servants.

Judgment is affirmed, with costs.