YELLOW CAB, INCORPORATED, PLAINTIFF-RESPONDENT,
v. BANKERS INDEMNITY INSURANCE COMPANY, DE-
FENDANT-APPELLANT.

Argued February 17, 1933—Decided April 28, 1933.

For the defendant-appellant, *John Milton* and *Hartwell Cabell* (of the New York bar).

For the plaintiff-respondent, *Henry H. Fryling* and *William H. Speer*.

The opinion of the court was delivered by

DONGES, J.   Bankers Indemnity Insurance Company appeals from a judgment of the Supreme Court in favor of Yellow Cab, Incorporated, entered by rule signed by the late Chief Justice Gummere, striking the answer of said appellant as sham and the separate defenses as frivolous, and directing the entry of judgment in favor of plaintiff and against appellant in the sum of $44,785.01.

The action is for the alleged breach of the condition of a bond in the sum of $360,000, dated April 23d, 1930, made by nine individual defendants as principals and by the Bankers Indemnity Insurance Company as surety, and is based upon twenty-two counts, each count alleging a breach of the bond and damage in various amounts.

The plaintiff alleges, and it is not denied, that on May 27th, 1926, the Reliance Casualty Insurance Company, of

New Jersey, was incorporated under the insurance laws of the State of New Jersey as a stock company. Before transacting any business, it deposited with the commissioner of banking and insurance $50,000, which deposit was subsequently increased to $100,000. The Yellow Cab, Incorporated, operated a large number of taxicabs in the State of New Jersey. The Reliance Casualty Insurance Company, in consideration of the payment of certain premiums by Yellow Cab, Incorporated, issued its policy of insurance for public liability covering specified taxicabs for certain periods of time and in certain amounts. The taxicabs so insured were involved in accidents, resulting in injuries to persons, on account of which suits were instituted against Yellow Cab, Incorporated, for some claims, and others were settled without suit. Upon due notice thereof the Reliance Casualty Insurance Company undertook the defense of some of said suits and refused to defend others. Such proceedings were had in each case that a judgment was entered, or settlements effected, some of the settlements with the approval of appellant, so that Yellow Cab, Incorporated, was obliged to pay in all the sum of the judgment entered herein. At all of the time of the accidents the taxicabs involved were covered against such liability by a valid policy of Reliance Casualty Insurance Company.

On November 18th, 1929, the board of directors of the insurance company adopted a resolution that in the opinion of said board it was to the best interests of said company that it should be dissolved. After due notice, on December 19th, 1929, at least two-thirds of the stockholders in meeting voted for and consented in writing to such dissolution. Upon filing this consent a certificate of dissolution was issued by the department of banking and insurance. So far as appears the steps necessary to be taken by the board of directors and the stockholders were properly taken and the necessary publications were made.

On December 19th, 1929, Reliance company reinsured all outstanding policy obligations, as of that date, with Equitable Casualty Insurance Company and General Reinsurance Corporation of New York. The record discloses that Equitable

Casualty Insurance Company was declared insolvent and its charter annulled on December 31st, 1930.

At the time of the issue of the certificate of dissolution, the Reliance company had securities valued at $100,000 on deposit with the commissioner of Banking and Insurance of this state. On January 27th, 1930, the board of directors of Reliance company declared a dividend of $3 per share, payable January 29th, 1930, to stockholders of record January 27th, 1930, which dividend amounted to $360,000, there being one hundred and twenty thousand shares of Reliance company stock issued and oustanding on that date, of which the nine directors, who joined in the bond in suit, held one hundred and seventeen thousand seven hundred and fifty-five shares of the total shares issued. This dividend was paid without the requisite legal consent of the commissioner and clearly in violation of law.

Section 11 of the Insurance act (*Cum. Supp. Comp. Stat.,* *p.* 837) provides for the return of the deposited securities, upon dissolution of the corporation "provided, that the deposited securities shall not be delivered to the directors or trustees on dissolution until all proceedings in such voluntary dissolution shall have been first approved by the commissioner."

Section 15 of the act provides for the voluntary dissolution of insurance corporations and sets out the procedure therefor. This section concludes as follows: "Provided, however, that no disbursement of the assets and/or funds of the insurance company shall be made to the stockholders until all proceedceedings in such voluntary dissolution shall have been first approved by the commissioner." *Cum. Supp. Comp. Stat.,* *p.* 839.

The matter coming to the attention of the commissioner of banking and insurance, on February 28th, 1930, he required a bond in the sum of $250,000 to be given to him, signed by Equitable Casualty Insurance Company and Bankers Indemnity Insurance Company, to protect him from loss by reason of the improper payment of the dividend and the surrender of the $100,000 of securities. This bond is not sued upon and respondent asserts no rights thereunder in this suit.

The commissioner apparently not being satisfied with the situation, before dissolution, required a bond in the sum of $360,000, dated April 23d, 1930, signed by all of the members of the board of directors of Reliance company, as principals, and the Bankers Indemnity Insurance Company, as surety, to be given to him. This bond ran to the Plainfield Trust Company "for the use and benefit of Frank H. Smith, individually and as commissioner of banking and insurance of the State of New Jersey, creditors and other persons interested in the Reliance Casualty Insurance Company, a New Jersey corporation, their heirs, executors, administrators, successors, survivors, successors in office and assigns, as obligee (hereinafter called obligee) in the full and just sum of $360,000 lawful money of the United States of America, for the payment whereof well and truly to be made, we, the principal, and surety bind ourselves, our heirs, executors, administrators, successors and asigns, jointly and severally and firmly by these presents."

The bond recites, *inter alia,* that the principals were the full board of directors, and the owners of one hundred and seventeen thousand seven hundred and fifty-five out of one hundred and twenty thousand shares of Reliance company stock outstanding; that the board of directors declared the dividend of $3 per share, which had been duly paid; that such dividend was declared and paid without the consent or approval of the commissioner of banking and insurance and before said commissioner had approved all of the proceedings in dissolution of the company; that the commissioner demanded the return of the dividend into the assets of the company, or in lieu thereof, a bond in amount and form satisfactory to the commissioner, indemnifying the commissioner individually and as such commissoner, and/or creditors, &c.

The condition of the obligation is as follows:

"Now, therefore, the condition of this obligation is such that if the obligee is indemnified and kept indemnified and held harmless against any and all loss, costs, damages and expenses of any nature and kind, which may be sustained or incurred by reason of the improper payment of dividends by

the board of directors of the Reliance Casualty Insurance Company, while said company was in process of being dissolved, said payment having been made without the consent or approval of the commissioner of banking and insurance, then this obligation shall be null and void, otherwise to remain in full force and effect."

Plaintiff-respondent brought suit for twenty-two separate items of loss, which under its proofs, not disputed by appellant's proofs, would have been recoverable against Reliance Casualty Insurance Company. It sued the nine directors individually as principals, and the appellant, as surety, on the bond above mentioned. It secured service on appellant and one of the directors, and had judgment against both of these defendants. The surety appeals.

The appellant urges, in effect, three grounds for reversal.

It argues that the bond is void because there is no statutory requirement for such bond and that it was given under constraint. In the absence of statutory provision for such bond, it is not urged that it would be invalid if given voluntarily. The proofs appear to the contrary as to constraint. The recitals in the bond are that the commissioner required, as a condition precedent to approval of dissolution and the release of the deposit that the dividend be returned to the assets of the corporation, as required by law, or, in the alternative, that the bond be given. The offending directors chose the latter course. This they did voluntarily.

The second point urged is that the plaintiff was not a party to the bond sued on and has no standing in a court of law.

It will be observed that the bond runs to a certain designated obligee "for the use and benefit * * * of creditors and other persons interested in the Reliance Casualty Insurance Company." The plaintiff below was a creditor of that company. Section 28 of the Practice act (*Comp. Stat., p.* 4059) provides that any person for whose benefit a contract is made may maintain an action thereon in any court. The plaintiff clearly falls within the class for whose benefit the bond was given. *Holt* v. *United Security Life Insurance Co.,* 76 *N. J. L.* 585.

The next point urged is that plaintiff has not alleged or proved a breach of the bond. With this point may be considered the ground urged by appellant that the bond does not cover the causes of action alleged in the complaint.

The obligation of the bond either means nothing, or as it says, is to indemnify and to keep indemnified creditors of the Reliance company by reason of the unlawful dissipation of the assets of that company. In the absence of this bond, it may be assumed that the commissioner of banking and insurance would not have consented to the dissolution of the company, or to the distribution of its assets, or to the return of its deposit. The plaintiff creditor would have had these tangible assets to meet its claims. The complaint sufficiently sets out the claim, the failure to keep the creditor indemnified and harmless from loss by reason of the unwarranted payment of the dividend, and hence discloses a breach of the bond.

The appellant assumes that if the dividend had not been declared and paid, that the consent of the commissioner to dissolution and the subsequent distribution of assets would have followed in due course, and that, therefore, plaintiff has lost nothing. This reasoning would render the giving of the bond and the pretended assumption of liability thereunder an idle gesture. We are not concerned with what position this creditor would have been in if the dissolution had proceeded according to law. The directors had a duty to pay creditors of the corporation. In place of assets in hand, and in order to secure other assets obviously deposited with public authority to protect creditors in this state, the directors and appellant assumed the obligations to save harmless creditors by reason of the dissipation of such assets. This contingency arose, as appears from the complaint and the proofs, and the bond was breached when the obligors failed to save the plaintiff harmless from loss of a claim, which the Reliance company should pay.

The state of the case does not discover what the present status of the company is as to its dissolution. If it is not actually dissolved, then the amount of the dividend would be in its hands to meet creditor's claims. If it has been dissolved,

then the bond clearly stands in place of the amount of such dividend. In either event, the creditor is entitled to have its claim paid by the bond and the surety is liable for such payment. It is just that situation that the bond covers.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.