FANNIE HENDLER ET AL., PLAINTIFFS-RESPONDENTS, v. ROSE MEADOWS ET AL., DEFENDANTS-APPELLANTS.

Argued May 8, 1935—Decided August 20, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellants, *McCarter & English*.

For the respondents, *Louis Spiegel, Benjamin M. Weinberg* and *Percy H. Penn*.

PER CURIAM.

These are appeals from judgments of the Essex County Court of Common Pleas. The suits arise out of an automobile accident and the trial judge directed verdicts for the plaintiffs and submitted to the jury on the question of the *quantum* of damages.

It appears that two of the three plaintiffs were passengers in a car owned by the defendant Rose Meadows and driven by the defendant Meyer Hendler, her brother. Plaintiffs Fannie Hendler and Isaac Hendler are the parents of the defendants, and plaintiff Goldie Zipkin is a friend of Meyer. They were taking an automobile ride on the night of July 18th, 1933, and while proceeding along Ocean avenue in

Bradley Beach the car ran into an electric light pole in the center of the street. The collision occurred at nine-thirty P. M.

The first point argued deals with the refusal of the trial court to admit into evidence a statement signed by the appellant Rose Meadows prior to the trial. Counsel was attempting to develop the lack of agency of the driver at the time of the accident. The statement said, in part:

"On July 18th, 1933, some time in the morning, I told my brother Meyer Hendler, of 93 Hillside Ave., Newark, N. J., to take my Buick sedan and drive down to the Brunswick Hotel in Asbury Park, N. J., to see my mother * * *."

On the stand Mrs. Meadows testified that she had previously, on July 4th, asked her brother to call on their mother as often as he might have an opportunity to take her out for a ride, and further that she had given him permission to take friends along on such rides. Mrs. Meadows' own counsel then pleaded surprise and asked to have the statement admitted to neutralize her testimony. In the circumstances of this case, the refusal to admit the statement was harmless. Its only effect could have been to wipe out Mrs. Meadows' testimony on this subject, and then there would have been left the presumption of agency arising from the operation of the automobile, and the testimony of George Hendler to the effect that Mrs. Meadows had told Meyer to take the mother out riding, all of which stands uncontradicted because the statement, if admitted, could not be given the effect of neutralizing testimony other than that of Mrs. Meadows.

The other point is that it was error to direct a verdict. The testimony was that while riding along Ocean avenue the car suddenly swerved and struck the pole. There was testimony from Miss Zipkin that the driver stated at the time that he had dozed momentarily. The defendant offered no testimony as to the manner of the happening of the accident. Appellants argue as if the direction were based solely on the proof of the admission that Hendler fell asleep, but this is not so. When a car proceeding along a street suddenly swerves into a pole with no apparent cause, and there is no attempt to explain the occurrence, no claim that any other

car or person was involved or that there was a hidden defect in the car, but simply a situation where the driver, whether asleep or awake, steered into a pole, it cannot be said that reasonable minds could differ on the question of negligence. There was no error in the direction of verdicts. *Vendola* v. *Public Service Railway Co.*, 5 *N. J. Mis. R.* 285; 136 *Atl. Rep.* 415.

The judgments are affirmed, with costs.