PASSAIC COUNTY CIRCUIT COURT.

CLAUDE CAIOLA, PLAINTIFF, v. ISADORE HAMMER AND LOUIS URDANG, DEFENDANTS.

Decided May 25, 1936.

For the plaintiff, *David Cohn.*

For the defendant Isadore Hammer, *Abram I. Blueslein.*

For the defendant Louis Urdang, *Abraham I. Feltman.*

WOLBER, C. C. J. This is a motion by the defendants to strike the complaint upon the ground that it fails to set forth a cause of action.

The complaint alleges that on *November 9th, 1923,* plaintiff was employed by Paterson Batten and Loom Builders, Incorporated, and was injured as a result of an accident arising out of and in the course of his employment; at that time the defendants were the principal stockholders of that corporation; that on *April 25th, 1929,* the defendants sold and transferred their shares to one Max E. Binz, and covenanted and warranted as further consideration, "that there is due and owing by said Paterson Batten and Loom Builders, Incorporated, on open accounts and notes the sum of $5,702.20 * * * and the said parties of the first part [the defendants herein] do covenant and agree that there are no outstanding debts or notes due and owing by the said Paterson Batten and Loom Builders, Incorporated, and they do hereby guaran-

tee and agree to and with the said party of the second part that if there should be any other claims made against said Paterson Batten and Loom Builders, Incorporated, over and above the amount specified in the schedule hereto annexed and marked 'Schedule A,' that they, the said parties of the first part will guarantee and agree to pay the same."

On February 11th, 1931, plaintiff commenced an action against said Paterson Batten and Loom Builders, Incorporated, and on October 28th, 1932, recovered judgment in the Passaic County Circuit Court for the sum of $500; that execution issued and was returned unsatisfied; that plaintiff has spent further sums to satisfy said judgment, but without success; that by reason of the undertaking as aforesaid of the defendants, plaintiff contends that he is a beneficiary thereunder and seeks to recover the amount of his claim reduced to judgment and his further expenses in his effort to satisfy it.

Defendants contend that a proper construction of the contract tends to show that the plaintiff was not a person holding a claim of the type which was intended to be benefited by their undertaking; that plaintiff's claim was not liquidated at the time of the agreement, and further, that the limit of plaintiff's recovery, if any, in the amount of his "claim" as reduced to judgment, and not the further costs incurred in attempting to satisfy the same.

I believe there are two questions involved:

(1) Was the cause of action vested in plaintiff on November 9th, 1923, a "claim" within the contemplation of the parties under a fair interpretation of the contract?

(2) Was the contract between the defendants and Binz made for the benefit of the plaintiff to entitle him to maintain this action?

On April 25th, 1929, the cause of action in the plaintiff (who was an infant at that time, and which fact is obtained from another phase of this case. *Caiola* v. *Aetna Life Insurance Co.*, 12 *N. J. Mis. R.* 484, Supreme Court, 1934, *per curiam;* affirmed E. & A., May 14th, 1936), 116 *N. J. L.* 381; 184 *Atl. Rep.* 736, was a right, a chose in action

and was matured and capable of being asserted. I believe that in view of the comprehensive nature of the defendants' covenant to induce the purchaser of their stock to complete the bargain, together with the particulars asserted to negative the existence of express liens, they intended to indemnify him and would pay to him as well inchoate claims or rights of action. In order to come within the terms of the contract dealing with "any other claims," a cause of action for injuries caused by negligence was a claim. In this connection it has been held that under the Orphans Court act, requiring creditors and others having "claims" or demands to exhibit the same to the executor or administrator, upon a rule to limit creditors and others, includes a person having a *cause of action,* either in tort or contract. *Hackensack Trust Co.* v. *VanDenBerg,* 92 *N. J. L.* 412; 97 *Atl. Rep.* 148, E. & A., 1918; Parker, J. In that case the cause of action was one that arose under the Death act. The *ratio decidendi* is that the word "claim" includes claims enforceable by suit terminating in a money judgment. This reasoning was followed by Mr. Justice Trenchard in *Primmer* v. *Baldwin,* 1 *N. J. Mis. R.* 95, Supreme Court, 1923, in a suit for damages against the personal representatives of a deceased *tort feasor* whose estate had already been distributed. The reasoning of Hackensack Trust Co., *supra,* was followed and applied to the facts.

In *Narozniak* v. *Perdek,* 10 *N. J. Mis. R.* 1000, Supreme Court, 1932, *per curiam,* it was held that after injury and payment of compensation to an employe, and the death of his employer, the employe's claim required presentation to the estate for audit and recognition, as in any other case of a claim. Failing in this he was barred, citing Hackensack Trust Co., *supra.*

I conclude that the cause of action of the plaintiff which arose on November 9th, 1923, and was in existence on April 25th, 1929, was a claim within the meaning of the contract.

It remains to consider whether the plaintiff was one of the class of beneficiaries intended to be included under the contract entered into by the defendants on April 25th, 1929.

Mr. Justice Trenchard, in the case of *Standard Gas Power Corp.* v. *New England Casualty Co.,* 90 *N. J. L.* 570; 101

*Atl. Rep.* 281, E. & A., 1917, referring to *Comp. Stat., p.* 4059, § 28 (at *p.* 573), said:

"Now, the statute upon which the plaintiff relies * * *, permitting a third party not privy to a contract, and who has given no consideration, to sue thereon, is limited to *those for whose benefit* the contract is made and does not extend to third parties who indirectly and incidentally would be advantaged by its performance."

In that case it was found that the trial judge rightly held that the bond in question was limited to an indemnity of the obligee and was not made for the benefit of persons who furnished materials to the contractor, for whom defendant was surety.

In *Chambers* v. *Philadelphia Pickling Co.,* 79 *N. J. L.* 1; 75 *Atl. Rep.* 159, Supreme Court, 1909 (*affirmed,* 83 *Id.* 543, E. & A., 1912, Voorhees, J.), (at *p.* 2), Chief Justice Gummere stated:

"Under this statutory provision [section 28 of the present Practice act] the sole test of the plaintiff's right to maintain this action is whether or not the contract set out in the declaration was made for his benefit."

In *Yellow Cab, Inc.,* v. *Bankers Indemnity Insurance Co.,* 110 *N. J. L.* 546; 166 *Atl. Rep.* 186, E. & A., 1933, Donges, J. (at *p.* 550), the bond sued on by the third person ran to a certain designated obligee " 'for the use and benefit * * * of creditors and other persons interested in the Reliance Casualty Insurance Company.' The plaintiff below was a creditor of that company. Section 28 of the Practice act (*Comp. Stat., p.* 4059), provides that any person for whose benefit a contract is made may maintain an action thereon in any court. The plaintiff clearly falls within the class for whose benefit the bond was given. *Holt* v. *United Security Life Insurance Co.,* 76 *N. J. L.* 585; 72 *Atl. Rep.* 301."

I am of the opinion that the instant case is controlled by the rule of law laid down in *Standard Gas Power Corp.* v. *New England Casualty Co., supra.* A fair interpretation of the contract between the defendants and Binz made on April 25th, 1929, leads me to the conclusion that the contract was for the benefit of Binz and was intended to indemnify him,

among other things, against claims like the plaintiff's, and that the plaintiff falls into the class of those persons who may indirectly and incidentally be advantaged by the performance of the terms of an agreement between other persons. He is not, therefore, a third person beneficiary.

I will therefore grant the motion made on behalf of the defendants to strike plaintiff's complaint upon the ground that it fails to set forth a cause of action.