CHARLES BURR, PLAINTIFF-RESPONDENT, v. METROPOLITAN DISTRIBUTORS, INC., A NEW YORK CORPORATION, DEFENDANT-APPELLANT, AND HAROLD SCHEPTZ, DEFENDANT.

Argued October 23, 1947—Decided January 29, 1948.

For the plaintiff-respondent, *Waugh, Torppey & Consodine*.

For the defendant-appellant, *George D. McLaughlin* (*Philip M. Lustbader*, of counsel).

The opinion of the court was delivered by

WELLS, J.   This is an appeal from a judgment entered in the New Jersey Supreme Court, Essex Circuit, in favor of the plaintiff, Charles Burr, and against the defendant Metropolitan Distributors, Inc.   The judgment in the amount of $7,500 was for damages for injuries sustained by the plaintiff when struck by a motor vehicle owned by the defendant-appellant and operated by the defendant's employee, Harold Scheptz.

The facts in this case pertinent to the question of negligence were developed by testimony of the plaintiff and his

witnesses uncontroverted by any evidence offered on behalf of the defendant. The defendant's employee, Harold Scheptz, could not be served with suit papers and was not called or offered as a witness by either party.

On March 3d, 1942, the date of the accident, plaintiff was employed by the Union Laundry Company as a salesman. As part of his duties he drove a truck for delivery and collection of laundry. In the early afternoon of the day in question plaintiff stopped at an apartment house located at No. 209 Prospect Street, East Orange, to pick up laundry from several customers.

Prospect Street was described as approximately twenty feet wide, running north and south, with parking permitted only on the east side of the street. The apartment house was on the west side of the street, located seventy-five to one hundred feet back from the sidewalk. There was a driveway running along the south side of the apartment house, providing ingress to the property.

Plaintiff parked his truck on the east side of Prospect Street, crossed the street and went up the driveway to enter the apartment house. As he was coming back out of the driveway carrying several bundles of laundry, an automobile driven by one Maxwell Boeck, headed in a southerly direction, was stopped just to the west of plaintiff's truck and about two or three feet from the westerly curb line of Prospect Street. Boeck, employed as a handyman at the apartment house, was intending to turn into the driveway but stopped to permit the plaintiff to reach the sidewalk with his burden.

When plaintiff had reached a point at or near the sidewalk, not yet having started to cross the street, he saw the defendant's truck approaching on Prospect Street in a southerly direction. The happening of the accident is described by the plaintiff's testimony as follows: "I saw the truck coming * * *. It was coming at a pretty good speed, maybe thirty miles an hour, something like that. I couldn't judge. I knew it was coming fast * * *. He shot around Mr. Boeck—I didn't know the gentleman at the time at all—he shot around that car and came up on me. I see him coming up, but I couldn't avoid getting out of the way. * * * He

hit me and that's all I can remember  *  *  *. It came around, as I say, this here car parked in the street. He had to be parked along side of my car to get in the driveway and I was waiting for him. In other words, he was waiting for me, I presume, to come up the driveway. I got as far as the sidewalk and I saw this truck coming and he couldn't do anything else but go around that truck and I suppose he lost control and came up on the sidewalk."

Boeck did not see the approach of the defendant's truck, but he substantiated the plaintiff's testimony as to the position of the vehicles and the point of impact. Defendant indulged in extensive cross-examination, but offered direct evidence only as to the extent of injuries and loss of income.

At the conclusion of the defendant's case the plaintiff moved for a directed verdict, and this was granted by the trial court on the question of liability. The case was then submitted to the jury on the question of damages only resulting in a verdict for the plaintiff and the judgment from which this appeal is taken.

Defendant contends that the trial court erred in directing a verdict for the plaintiff, and argues that such action was "unusual if not unique." To the contrary, directed verdicts for plaintiffs in negligence cases have been previously upheld by this court. See *Hendler* v. *Meadows,* 13 *N. J. Mis. R.* 684; *affirmed,* 116 *N. J. L.* 176; and *sub nom. Zipkin* v. *Hendler,* 116 *Id.* 137; and by the Supreme Court. See *Vendola* v. *Public Service Railway Co.,* 5 *N. J. Mis. R.* 285; 136 *Atl. Rep.* 415.

The legal principles applicable to this appeal have been well stated by this court in the case of *Crosby* v. *Wells,* 73 *N. J. L.* 790; 67 *Atl. Rep.* 295. The court said: "In our country, a verdict may be directed for a plaintiff as well as for a defendant  *  *  *. And the question to be propounded is whether there be any reason why the verdict should not be so directed  *  *  *. The principles with which the answer must accord have been stated in our reports in both positive and negative form. Firstly, the trial court should direct a verdict, when any number of verdicts, if found otherwise than as ordered, would be set aside as without sufficient

evidence to support them, * * * or when the testimony in the case will not support any other verdict * * *. Secondly, the trial court cannot direct a verdict when any material facts which the parties have been permitted to introduce are in dispute."

In the case here on appeal there is testimony undenied and uncontroverted, showing that the defendant's truck being driven "at a pretty good speed, maybe thirty miles an hour," moved out of the street and up on the sidewalk before striking the plaintiff. The operation of a motor vehicle in such manner without explanation or proof of extenuating circumstances, is certainly evidence of negligence which would not support any other verdict except one in favor of the plaintiff.

The defendant contends that the testimony showing Boeck's car stopped in the street was sufficient to raise a question of negligence for the jury, and strongly relies on the plaintiff's statement that the defendant's truck "couldn't do anything else but go around that [Boeck's] truck." Such a contention grounded on a mere conclusion on the part of the plaintiff disregards the care which could or should have been exercised in not causing a situation where there was no alternative but to drive up on the sidewalk. In any event, the most that defendant could hope for was that the jury might infer no negligence in the face of uncontradicted testimony to the contrary. Under the circumstances, we believe that any number of verdicts in favor of the defendant would have to be set aside as without sufficient evidence to support them, and that the trial court committed no error in directing a verdict for the plaintiff. There is a further point made by the defendant that the direction of verdict made it impossible for the jury to consider the credibility of the plaintiff and his witnesses as to their description of the accident. Attention is called to certain contradictions in testimony, and contention is made that the jury might have disbelieved the plaintiff's statements on other matters under the legal principle of *falsus in uno, falsus in omnibus.*

We believe that the essential testimony on the question of negligence was sufficiently clear and uncontradicted to have made any disbelief on the part of the jury purely capricious.

On the other hand, a review of the evidence as to damages indicates that the jury must have given full credence to the statements of the plaintiff in order to reach the verdict that was returned.

Defendant also claims error in that the trial court would not permit counsel, in his summation, to discuss any evidence concerning the happening of the accident. There having been no exception taken, this question is not properly before this court on appeal. It is apparent, however, that if the only question before the jury was one of damages, then it was proper to limit the summation accordingly.

As a final question, the defendant contends that the trial court erred in not setting aside the verdict on the grounds that the damages allowed were excessive. It appears that a rule to show cause for a new trial on damages only was entered, and that the trial court signed an order which would have reduced the verdict to $6,000 if accepted by other parties. When the defendant refused to abide by such order, the rule to show cause was discharged and judgment entered in accordance with the verdict.

Defendant contends that such action by the trial court was indicative that the verdict of the jury was a result of "bias, prejudice, passion and mistake," and should have been set aside as excessive. On the other hand, testimony as to continuing disability on the part of the plaintiff appears sufficient to support the amount of the verdict returned. We do not believe that any error was committed here. As recently stated by the Chancellor, speaking for the court in *Salvalo v. New Jersey Asphalt and Paving Co.,* 135 *N. J. L.* 185 (at *p.* 189) : "The amount of the award is a matter primarily vested in a jury and the mere fact that the award is so high that the trial court feels it is too high does not compel the trial court to set it aside. In other words, the mere fact that the verdict seems to the trial judge personally, to be too high does not indicate that it is the result of mistake, passion or prejudice on the part of the jury, when there is sufficient evidence before the jury, which the jury might believe, to justify the verdict rendered."

The judgment of the court below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.