WALTER STEC AND IRENE STEC, PLAINTIFFS-APPEL-
LANTS, v. ELIJAH RICHARDSON *ET AL.*, DEFENDANTS-
RESPONDENTS.

Argued October 31, 1977—Decided January 6, 1978.

*Mr. Albert W. Seaman* argued the cause for plaintiffs-appellants (*Messrs. Seaman, Williams & Seaman,* attorneys; *Mr. Seaman,* of counsel; *Mr. John V. Burns,* on the brief).

*Mr. Harry V. Osborne, II,* argued the cause for defendants-respondents (*Messrs. Evans, Koelzer, Marriott & Osborne,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J. Certification was granted, 71 *N. J.* 513 (1976), in this passenger-taxicab accident case to review an opinion of the Appellate Division[1] which set aside judgments as to liability and damages in favor of plaintiffs and ordered a new trial as to both issues. For reasons hereinafter set forth, we reverse the Appellate Division ruling and reinstate the judgments.

On April 1, 1971, plaintiff Irene Stec and her eight-year-old daughter were passengers in a taxicab owned by defendant Elijah Richardson and being operated by defendant Milton Atkinson. They had entered the cab after leaving a doctor's office in Perth Amboy and were being driven to their home which also was in Perth Amboy. After traveling about a block, the vehicle started to shimmy. The driver stopped, got out of the cab and walked around it. He then reentered the cab, and said there was nothing wrong and continued on. After proceeding a short distance the driver stopped for another passenger. The accident happened when the cab started up again, increased speed and made a turn into another

---

[1]The opinion of the Appellate Division, dated March 31, 1976, is unpublished.

street. Suddenly the right front wheel "flew off" causing Irene Stec to be pitched forward, then backward, and to hit her head on the ceiling of the vehicle.

She filed suit against the owner and the operator of the taxicab for her alleged injuries which included a claim of substantial aggravation of a preexisting psychiatric condition. Her husband joined *per quod*. Plaintiffs also joined Angelo Laureano, t/a Angelo's Friendly Mobile, as a party defendant based on information given to plaintiffs by the other defendants that the wheel had come off the cab due to negligent and careless servicing of the vehicle by this party.

A bifurcated trial was ordered. At the trial of the issue of liability Irene Stec, the only witness for plaintiffs, testified to the facts of the accident heretofore recited. After plaintiffs rested, the co-defendant, Angelo Laureano, was called as a witness by counsel for defendants Richardson and Atkinson. Laureano testified that he did not begin to do business as Angelo's Friendly Mobile until June 3, 1971 and prior to then had been employed as a machine operator for a meat container firm. No other testimony was presented by or on behalf of defendants Richardson and Atkinson.

Based on the foregoing, the trial court dismissed all claims asserted against Angelo Laureano, t/a Angelo's Friendly Mobile. Also, on plaintiffs' motion, the court granted judgment on the issue of liability in favor of plaintiffs and against defendants Richardson and Atkinson. In so doing the trial court noted the duty of a high degree of care imposed on a common carrier of passengers. It concluded that, under these circumstances, there was an obligation and a duty on the part of the carrier "to come forward and to explain it away" and that it had not done so.

A trial on the issue of damages was thereafter held before another judge and jury, the basic issue being the causal relation between the accident and Irene Stec's subsequent psychiatric disorders. The trial resulted in a jury verdict in favor of Irene Stec for $35,500 and in favor of her husband

for $12,000. A motion for a new trial charging excessive verdict was denied by the trial court.

On appeal by defendants, the Appellate Division held that the facts of the case were such that the doctrine of *res ipsa loquitur* applied, but that such application should not have resulted in a "directed verdict" for plaintiffs. Instead, the Appellate Division concluded that the permissible inference of negligence which arose from application of the doctrine, created only a jury issue of liability and that it was error for the trial court to have taken this issue away from the jury. It therefore reversed the judgment of liability in favor of plaintiffs and ordered a new trial on liability. At the same time and without any statement of reasons therefor, it also reversed the award of damages and ordered a new trial on this issue as well.

At the trial on the issue of liability, counsel, as well as the court, referred to plaintiffs' case as being controlled by the doctrine of *res ipsa loquitur*. However, this was an underestimation of the quality of plaintiffs' proofs. The doctrine of *res ipsa loquitur* ordinarily comes into play to aid a plaintiff who does not have direct evidence of negligence on the part of a defendant. All that can be shown is that a mishap occurred involving some instrumentality under the control of the defendant; that the mishap ordinarily bespeaks negligence and there is no indication that the mishap was a result of plaintiff's own act or neglect. *Kahalili v. Rosecliff Realty, Inc.*, 26 *N. J.* 595, 606 (1958). In such case a permissible inference of negligence arises sufficient to allow the issue of defendant's negligence to go to a jury. *Lorenc v. Chemirad Corp.*, 37 *N. J.* 56, 70–71 (1962) ; *Vespe v. DiMarco*, 43 *N. J.* 430, 439 (1964).

Here, in addition to relying on the doctrine of *res ipsa loquitur*, plaintiffs also presented direct evidence that the driver of the cab had knowledge that the vehicle was not operating properly and that probably something was wrong with one of the wheels. (See *Reiter v. Max Marx Color & Chemical Co.*, 35 *N. J.* 37, 42 (1961)). Despite this, and

after a perfunctory inspection of the cab, he said there was nothing wrong and resumed the journey. When this conduct is measured against the duty of a high degree of care which a carrier owes a passenger, *Harpell v. Public Service Coordinated Transport,* 20 *N. J.* 309, 317 (1956), and in the complete absence of any rationalization of the driver's conduct or explanation as to how the mishap occurred, the trial court was correct in concluding that reasonable jurors could not differ on the issue of liability and that plaintiffs were entitled to judgment in their favor on that issue as a matter of law. *R.* 4:40-1.

█ In short the plaintiffs' case did not rest solely on a permissible inference of negligence generated by the doctrine of *res ipsa loquitur.* The proofs as a whole presented direct and uncontradicted evidence of negligent conduct on the part of the driver of such strength and probative weight that no genuine issue of fact existed as to the breach of the duty of a high degree of care owed plaintiff-passenger. The applicable rule was stated by Chief Justice Vanderbilt in *Ferdinand v. Agricultural Ins. Co. of Watertown, N. Y.,* 22 *N. J.* 482, 493 (1956), as follows:

* * * [W]hen the proof on a question of fact is so strong as to admit of no reasonable doubt as to its existence, * * *" there is no question for the jury to decide. * * * [T]he court must make the determination and advise the jury accordingly.

We conclude, therefore, that the trial court properly granted plaintiffs' motion for judgment in their favor on the issue of liability. See, *Burr v. Metropolitan Distributors, Inc.,* 136 *N. J. L.* 583 (*E. & A.* 1948); *Hendler v. Meadows,* 13 *N. J. Misc.* 684 (Sup. Ct. 1935).

In reversing the damages award the Appellate Division did not articulate the reasons. Defendants had argued before that tribunal that the award of damages should be set aside because the trial court failed to charge the jury properly on the issue of proximate cause. They now urge that the Appellate Division ruling should be affirmed on that ground.

We have reviewed those portions of the charge dealing with proximate cause. They contain a reasonably adequate and correct statement of the legal principles involved. There is no indication that the jury was misled by them.

Finally the contention is made that counsel for defendants was prevented from making an effective summation to the jury by reason of constant interruptions and objections made by plaintiffs' attorney. It is argued that defendants' motion for mistrial based on the foregoing should have been granted.

We are content to abide by the trial court's handling of the matter. The summation transcript reveals that both counsel were unduly argumentative during summation but there is no indication that defendants were denied the right to a fair trial.

The judgment of the Appellate Division is reversed and the judgments in favor of plaintiffs as to both liability and damages are hereby reinstated.

CLIFFORD, J., concurring. The trial court took from the jury the issue of liability and entered judgment for plaintiffs. It reasoned that the doctrine of *res ipsa loquitur* applied and that defendants' failure to offer any evidence tending to rebut the permissible inference engendered by that doctrine required not simply that the case go to the jury but that plaintiffs have a judgment as a matter of law. The Appellate Division reversed, holding that

[r]*es ipsa loquitur* when applicable simply insures jury consideration of a plaintiff's case, placing the onus of producing evidence on the defendant. The burden of persuasion is not however shifted; the permissible inference of a defendant's negligence created thereby is still one for the jury, not for the court "and the jury may reject it as not of such quality as would move reasonable men to judgment in favor of the tendered hypothesis, even when there is no explanation by the defendant." *Kahalili v. Rosecliff Realty, Inc.,* 26 *N. J.* 595, 606 (1958).

I agree entirely with the Court's conclusion that in the case before us there was direct and uncontradicted evidence

of negligence in addition to that which produced the inference arising from the *res ipsa* rule and consequently there was no genuine issue of fact as to defendants' negligence or the relationship thereof to plaintiffs' injuries and damages. Had the sole proof of negligence been that generated by the doctrine of *res ipsa loquitur*, I would affirm the Appellate Division on the liability issue. While Justice Sullivan's opinion for the Court does not address that proposition directly, I do not read the opinion as posing any conflict with the above-quoted statement of law. Hence, I concur.

CLIFFORD, J., concurring in the result.

*For reversal*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For affirmance*—None.